UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL L. MONTALVO,<br><br>        Defendant. | NO. CR 89-00062 WBS GGH<br><br>MEMORANDUM AND ORDER RE: MOTION FOR RELIEF FROM FINAL JUDGMENT |

----oo0oo----

A jury convicted defendant Michael L. Montalvo of engaging in a continuing criminal enterprise ("CCE") under 21 U.S.C. § 848, and he received a sentence of life imprisonment. The court denied defendant's petition for habeas corpus relief under 28 U.S.C. § 2255, and the court of appeals affirmed. Defendant now seeks to reopen that habeas proceeding and moves for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).

Rule 60(b)(6) allows the court to "relieve a party or its legal representative from a final judgment, order, or

proceeding" for "any other reason that justifies relief."  In the habeas corpus context, such motions can be subject to the additional restrictions that apply to "second or successive" habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996.  Gonzalez v. Crosby, 545 U.S. 524, 526 (2005).  Rule 60(b) motions that seek "to add a new ground for relief" or attack "the federal court's previous resolution of a claim on the merits" are considered second or successive habeas petitions, but motions that only address some nonsubstantive or procedural "defect in the integrity of the federal habeas proceedings" may proceed under Rule 60(b).  Id. at 532 (emphasis in original).  See also United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011) (extending Gonzalez to federal prisoner § 2255 petitions).

Defendant moves for relief under Rule 60(b)(6) on the ground that his ineffective assistance of trial counsel claim never received an evidentiary hearing.  Defendant contends he did not know the possible sentence he faced in deciding whether to accept the government's plea offer, and argues his trial counsel was ineffective for failing to inform him.  Defendant never raised an ineffective assistance of trial counsel claim in the original habeas proceeding, however, and now argues that his habeas counsel was ineffective for failing to do so.

In Gonzalez, the Supreme Court specifically noted "that an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably."  545 U.S. at 532 n.5 (internal

citation omitted). Thus, without more, the court should consider defendant's ineffective assistance of habeas counsel claim a second or successive § 2255 petition. See Brooks v. Bobby, 660 F.3d 959, 963 (6th Cir. 2011) (finding defendant's Rule 60(b)(6) motion based on "general ineffective assistance of habeas counsel" claim barred as "a plain-vanilla successive petition designed to do nothing more than attack his earlier counsel's omissions"); Ward v. Norris, 577 F.3d 925, 932 (8th Cir. 2009) ("Although an assertion of ineffective assistance of habeas counsel may be characterized as a defect in the integrity of the habeas proceeding, it ultimately seeks to assert or reassert substantive claims with the assistance of new counsel.")

Defendant attempts to evade this hurdle by blaming misrepresentations by the government. Defendant alleges that, in its initial appellate brief, the government falsely stated that defendant's trial counsel was willing to testify regarding counsel's advice to defendant during the plea bargain process, and that defendant was aware of the sentence he faced while refusing the government's plea offer. (Def.'s Resp. to Opp'n 17:9-20:10 (Docket No. 1097).) Defendant claims that his habeas counsel relied on these representations in deciding not to raise the ineffective assistance of trial counsel in the habeas proceeding. (Id. Ex. G.) Instead, habeas counsel argued that defendant's lack of knowledge regarding the possible sentence was a violation of defendant's Due Process rights. (Id.)

Defendant raises serious allegations about governmental misconduct, but his 60(b)(6) motion is not the proper procedural vehicle to make such claims. Rule 60(b)(3) specifically

3

addresses motions seeking relief because of fraud by the adverse party, but contains a one-year statute of limitations to raise such claims. Defendant cannot bootstrap out of Rule 60(b)(3)'s time limit by bringing a claim under Rule 60(b)(6) instead. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n.11 (1988) (reading "clause (6) and clauses (1) through (5) [as] mutually exclusive" in order to "prevent clause (6) from being used to circumvent the 1-year limitations period"); Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986) ("A motion brought under 60(b)(6) must be based on grounds other than those listed in the preceding clauses.").

Alternatively, defendant suggests the court apply Rule 60(d)'s savings clause, which exempts claims such as "fraud on the court" from Rule (b)(3)'s one year-time bar. (Def.'s Resp. 23:22-28.) Gonzalez recognized that "fraud on the habeas court" might constitute a "defect in the integrity of the federal habeas proceedings" to justify reopening § 2255 proceedings under Rule 60(b). 545 U.S. at 532 n.5. A Rule 60(b) motion is only proper, however, when "the alleged fraud on the court relates solely to fraud perpetrated on the federal habeas court." Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006) (emphasis in original). If the alleged fraud on the habeas court includes or implies fraud in the underlying proceeding, "then the motion will ordinarily be considered a second or successive petition." Id.

Here, defendant alleges that the government made misrepresentations in the government's brief on direct appeal. Because defendant's claim does not relate "solely to fraud

perpetrated on the federal habeas court," the court must consider the claim a second or successive collateral attack rather than a true Rule 60(b) motion. Spitznas, 464 F.3d at 1216.

The court is without jurisdiction to consider a second or successive petition under § 2255; defendant must first petition to the Ninth Circuit for certification. 28 U.S.C. § 2255(h). Defendant has not done so. Accordingly, the court lacks jurisdiction over the pending motion.

IT IS THEREFORE ORDERED THAT defendant's motion for relief from defect in judgment (Docket No. 1085), filed March 19, 2013, be, and the same hereby is, DENIED.

Dated: October 15, 2013

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE